IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) TREVOR LOHR,<br><br>Plaintiff,<br><br>v.<br><br>1) PROTECTIVE INSURANCE<br>COMPANY, an Indiana Corporation.<br><br>Defendant. | JURY TRIAL DEMANDED<br>ATTORNEY LIEN CLAIMED<br><br><br>Case No. CIV-17-1223-F |

## AMENDED COMPLAINT

COMES NOW Trevor Lohr by and through his counsel of record Ryan J. Fulda of Schaffer Herring PLLC, and for his cause of action against Defendant Protective Insurance Company ("Defendant Protective Insurance"), states as follows:

1. Plaintiff Trevor Lohr is domiciled in Galveston County, Texas and is a citizen of Texas. Plaintiff lives in Texas and intends to remain in the state.

2. Defendant Protective Insurance is a corporation incorporated in Indiana.

3. The principal place of business of Defendant Protective Insurance is located in Carmel, Indiana.

4. This is a complaint for breach of contract and bad faith claims handling relating to the rights and liabilities of the parties under a policy providing uninsured motorist coverage (Policy No. IL51-V00006944, the "Policy") issued by Defendant Protective Insurance, under which Plaintiff Trevor Lohr was an insured.

5. The amount in controversy exceeds $75,000.00 and the parties are diverse in citizenship; therefore, this court has Subject Matter Jurisdiction over the claims in dispute.

6. The Plaintiff's claims arise out of injuries he sustained in a motor vehicle accident. The motor vehicle accident occurred in Pauls Valley, Oklahoma, which is within the Western District of Oklahoma.

7. Plaintiff sought and received significant medical treatment for the injuries he sustained in the motor vehicle accident. This medical treatment occurred in Pauls Valley and the Oklahoma City Metro area – all within the Western District of Oklahoma.

8. A substantial part of the events giving rise to Plaintiff's claims occurred in the Western District of Oklahoma. Therefore, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS RELEVANT TO CLAIMS FOR RELIEF

9. On November 21, 2014, Plaintiff Trevor Lohr was driving a Ford F-350 Truck for his employer, Trammel Transportation.

10. Trevor was driving in Pauls Valley, Oklahoma, in order to make deliveries for his employer.

11. The vehicle Trevor was driving was insured by the Policy, issued by Defendant Protective Insurance, which included uninsured motorist coverage with limits of $1,000,000.00 per person.

12. Trevor was driving westbound on W. Paul Ave.

13. At the same time, Annabel McGuire was driving a Ford F-250 eastbound on W. Paul Ave., in the opposite lane of traffic.

14. As the two vehicles approached one another, Ms. McGuire's vehicle turned left across Trevor's lane of traffic, and struck Trevor's vehicle.

15. The Official Oklahoma Traffic Collision Report documented that Ms. McGuire's vehicle failed to yield to Trevor's vehicle.

16. Ms. McGuire was at fault for the accident, and Trevor was legally entitled to recover damages for injuries sustained in the accident.

17. The impact was significant. The Ford F-350 driven by Trevor was deemed to be a total loss.

18. Ms. McGuire carried automobile liability insurance, with liability limits of $50,000 per person.

19. Trevor sustained serious injuries as a result of the accident, including a concussion, and was transported via ambulance to Pauls Valley Hospital.

20. At Pauls Valley Hospital, Trevor was treated for various injuries sustained in the accident. He was later driven home by a friend.

21. Later that evening, Trevor continued to experience significant pain relating to injuries from the accident. His fiancé Lacey Bronas drove him to Integris Hospital in Oklahoma City.

22. At Integris Hospital in Oklahoma City, Trevor complained of worsening pain in his lower back and the right side of his chest.

23. In the following days, Trevor had significant unresolved neck, back, and wrist pain. He sought medical treatment, but the issues did not resolve.

24. Trevor was 22-years-old at the time, and had never experienced any back pain like this before.

25. After more than one year of conservative treatment, Trevor underwent a posterior lumbar interbody fusion in January of 2016.

26. Meanwhile, Trevor hired attorney Bryan Irons to represent him in his personal injury claim arising out of the November 21, 2014 accident.

27. Attorney Irons placed Defendant Protective Insurance on notice of the accident and Trevor's injuries, and requested payment of benefits under the policy of underinsured motorist coverage (the "UIM Claim").

28. Defendant Protective Insurance assigned the UIM Claim to claims adjuster Brian Reeves (Adjuster Reeves).

29. On August 7, 2015, Adjuster Reeves wrote Mr. Irons and advised:

> As I am sure you are aware, we are the UIM carrier in this matter. It is our understanding the underlying liability claim has not been resolved with the tort carrier, Shelter Insurance, therefore we must respectfully decline your demand at this time.

30. Regarding a UM Carrier's duty to evaluate a claim for UM benefits, the Oklahoma Supreme Court held in 1991:

> If the claim exceeds the amount available under the liability policy, the underinsurer must take prompt action to determine what payment is due and may not delay the payment of benefits until exhaustion of liability limits. **The underinsurer may not safely await settlement between the liability insurer and the insured. Instead, the insurer must go about the business of investigating and evaluating the claim.** An insurer is readily equipped to make such a determination, and to assign a dollar value to the claim. Once this is accomplished, if the insurer determines that the claim does not exceed liability limits, and such valuation is supported by reasonable evidence, the underinsurer may delay payment. However, if the underinsurer does not conduct an investigation, or after investigation, determines that the likely worth of the claim exceeds the liability limits, prompt payment must be offered. (Emphasis added), <u>Buzzard v. Farmers Ins. Co.</u>, 1991 OK 127, ¶ 824 P.2d 1105.

31. This holding has been reiterated numerous times by the Oklahoma Supreme Court, and is firmly established Oklahoma law.

32. Despite the fact that the Oklahoma Supreme Court held that the "underinsurer may not safely await settlement between the liability insurer and the insured", this is precisely what

4

Defendant Protective Insurance did, as communicated in Adjuster Reeves' letter of August 7, 2015.

33. Additionally, Defendant Protective Insurance treated Trevor as a third-party claimant to whom it owed no duty of good faith and fair dealing.

34. Defendant Protective Insurance argued unreasonable and unsupported positions in evaluating Trevor's claim.

35. For example, Defendant Protective Insurance argued Trevor's back injuries were not caused by the November 21, 2014 accident, but instead were caused by a work accident of July 31, 2015, in which a box of glass bottles fell on the ground, shattered, and caused cuts to Trevor's face.

36. Defendant Protective Insurance's position was unreasonable because Trevor's medical records did not support this claim. Defendant Protective Insurance was fabricating excuses not to pay Trevor's UIM Claim.

37. Defendant Protective Insurance treated Trevor as a third-party claimant to whom it owed no duty of good faith and fair dealing.

38. The Oklahoma Supreme Court has held that a UM/UIM insurer may not treat its own insured in the manner in which an insurer may treat third-party claimants to whom it owes no duty of good faith and fair dealing. Newport v. USAA, 2000 OK 59, ¶15, 11 P.3d 1991.

39. Defendant Protective Insurance failed to investigate the UIM Claim, as evidenced by the unreasonable positions it took which were unsupported by any evidence.

40. Had Defendant Protective Insurance performed a reasonable investigation of the UIM Claim, it would have determined it owed UIM benefits to Trevor.

41. Under Oklahoma Law, a UIM insurer has a duty to promptly investigate a claim. See Buzzard at ¶30, Newport at ¶15.

42. Trevor has undergone multiple back surgeries for injuries caused by the accident. He has also incurred hundreds of thousands of dollars in damages, including significant medical expenses, significant lost wages, future medical expenses, and permanent impairment.

43. Defendant Protective Insurance has refused to pay any UIM benefits to Trevor.

44. In doing so, Defendant Protective Insurance has breached the Policy and acted unreasonably and in bad faith in the handling of Trevor's UIM Claim.

## FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

45. Plaintiff incorporates the above paragraphs by reference.

46. Trevor is an insured under the Policy and is contractually entitled to UIM benefits.

47. Defendant Protective Insurance is in breach of contract for failure to pay UIM benefits.

48. Trevor has been damaged as a result of Defendant Protective Insurance's breach of the Policy because he has been denied benefits for medical expenses, pain and suffering, lost wages, and permanent impairment.

**WHEREFORE**, Plaintiff Trevor Lohr requests judgment against Defendant Protective Insurance on his claim for breach of contract, and seeks damages in excess of $75,000.00.

## SECOND CLAIM FOR RELIEF: BAD FAITH HANDLING OF A UIM CLAIM

49. Plaintiff incorporates the above paragraphs by reference.

50. Trevor is an insured under the Policy and is contractually entitled to UIM benefits.

51. Defendant Protective Insurance owed Trevor a duty of good faith and fair dealing.

52. Upon receipt of the UIM Claim, Defendant Protective Insurance had a duty to promptly investigate the claim and determine whether it owed payment for UIM benefits.

53. Instead of promptly investigating the claim, Defendant Protective Insurance misrepresented Oklahoma law, and advised Plaintiff it was not required to evaluate Plaintiff's UIM Claim until Plaintiff settled his claim with the tortfeasor.

54. Defendant Protective Insurance acted unreasonably and in bad faith by misrepresenting Oklahoma law.

55. Additionally, Defendant Protective Insurance acted unreasonably and in bad faith by failing to perform a prompt and reasonable investigation of Trevor's claim.

56. Upon receipt of the UIM Claim, Defendant Protective Insurance owed Plaintiff a duty of good faith and fair dealing, and owed a duty to treat Plaintiff as a first-party insured, and not an adverse third-party insured.

57. Defendant Protective Insurance breached this duty and acted unreasonably and in bad faith by taking positions that were unsupported by the evidence.

58. Defendant Protective Insurance's gross and blatant disregard for a UM/UIM insurer's duties owed to Plaintiff, its first-party insured, demonstrate a lack of education, training, and supervision of its adjusters as to Oklahoma law and the adjustment of UM claims.

59. Defendant Protective Insurance acted unreasonably and in bad faith by failing to properly educate, train, and supervise its adjusters with respect to Oklahoma law, and the adjustment of UM claims.

60. Trevor has been damaged as a result of Defendant Protective Insurance's unreasonable and bad faith claims handling breach of the Policy because he has been denied benefits for medical expenses, pain and suffering, lost wages, permanent impairment, and future medical expenses.

61. Additionally, Trevor has incurred stress, embarrassment, mental and emotional pain and suffering as a result of Defendant Protective Insurance's failure to pay benefits owed.

62. Trevor seeks punitive damages to punish Defendant Protective Insurance for its unreasonable and bad faith handling of the UIM claim.

**WHEREFORE**, Plaintiff Trevor Lohr requests judgment against Defendant Protective Insurance on his claim for bad faith claims handling, and seeks actual damages in excess of $75,000.00, as well as punitive damages.

Respectfully submitted,

**SCHAFFER HERRING PLLC**

s/ Ryan J. Fulda
Ryan J. Fulda, OBA #21184
7134 South Yale, Ste. 300
Tulsa, Oklahoma 74136
Telephone: (918) 550-8120
Facsimile: (918) 550-8106
ryan.fulda@schafferherring.com
**ATTORNEYS FOR PLAINTIFF**